**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maureen Terri Angichiodo,<br><br>Plaintiff,<br><br>v.<br><br>Honeywell Pension and Savings Plan; Salaried Employees Pension Plan of AlliedSignal, Inc.; Plan Administrator of the Honeywell Pension and Savings Plan; Plan Administrator of Salaried Employees Pension Plan of AlliedSignal, Inc.; and Honeywell International, Inc.,<br><br>Defendants. | No. CV-15-00097-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion for Attorneys' Fees and Non-Taxable Costs (Doc.65).

**I.  BACKGROUND**

Plaintiff is the surviving spouse of a vested participant in Honeywell's defined benefit retirement plan ("Plan"). Plaintiff's husband elected the pre-retirement benefit option that would provide a monthly pension to his surviving spouse equal to one-half of his vested benefit if he died before retirement. Although Plaintiff's husband was eligible to retire, when he became terminally ill, he did not retire or complete forms to initiate retirement. If Plaintiff's husband had completed the retirement process before his death and had chosen a different spousal benefit option, Plaintiff could have been entitled to a monthly payment greater than the amount she is currently receiving. But neither Plaintiff

nor her husband contacted the Honeywell Retirement Service Center regarding her husband's condition until after his death.

After her husband died, Plaintiff spoke with a call center representative of the Honeywell Retirement Service Center, who incorrectly said that an employee's supervisor or human resources representative could initiate the retirement of a terminally ill employee or take other steps to ensure that a terminally ill employee retired before his death. Even if this information had been correct, Plaintiff or her husband would have had to inform the Honeywell Retirement Service Center that he was terminally ill.

Shortly thereafter, Plaintiff was informed that "the Plan has a process to help terminally ill employees understand their pension benefits and quickly make elections if that is what they wish to do." If Plaintiff or her husband had contacted the Honeywell Retirement Service Center, staff would have assisted by providing information and facilitating completion of paperwork, but there was no process for expediting Plaintiff's husband's retirement. The Plan imposed a minimum 45-day period required for verification and approval of a retirement application before commencement of benefits. Even if Plaintiff's husband had applied for retirement immediately upon receiving his cancer diagnosis, he died in less than 45 days, and Plaintiff still would not have received the survivor benefit for a retiree.

On January 21, 2015, Plaintiff filed this lawsuit alleging failure to pay plan benefits, based on a miscalculation of Social Security retirement benefits, and breach of fiduciary duties "by concealing the process of retiring a terminally ill employee in order to permit the employee to make an appropriate pension election" and "by failing to properly train human resource employees and managers about the proper procedures to follow when an employee becomes terminally ill." (Doc. 1 at 6.) Plaintiff's Amended Complaint also alleged Defendants breached their fiduciary duties by "failing to provide Plaintiff with proper explanation of benefits," "misrepresenting facts during the appeal process," "concealing information during the process," and "acting in their financial self-interest." (Doc. 5 at 8.) On May 6, 2016, in response to a court order, Plaintiff stated

that her claim alleging failure to pay plan benefits was resolved administratively to her satisfaction. (Doc. 50.) Subsequently the Court dismissed that count as moot. (Doc. 53.)

On December 9, 2016, the Court granted Defendants' motion for summary judgment. (Doc. 60.) Plaintiff sought "other appropriate equitable relief" under 29 U.S.C. § 1132(a)(3) to redress breaches of fiduciary duty. Her claim rested on her incorrect belief that the Honeywell Retirement Service Center had procedures to terminate a participant's employment immediately, complete a participant's application for retirement benefits on behalf of a participant, and/or expedite the time required for verification and approval of a retirement application and that the procedures were not disclosed in the information provided to Plaintiff and her husband. Defendants had no duty to disclose a procedure that did not exist.

Defendants incurred $533,217.46 in fees and non-taxable costs. They request award of a sufficient portion of those fees to deter groundless litigation and to reduce prejudice to other Plan participants, such as the award of ten percent of the total fees awarded in *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403 (9th Cir. 1997).

**II.     LEGAL STANDARD**

Under 29 U.S.C. § 1132(g)(1), a court in its discretion may award a reasonable attorneys' fee and costs of an action under ERISA to any party. Although the statute vests judges with broad discretion, the discretion is not unlimited. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Before fees may be awarded under § 1132(g)(1), a fees claimant must show "some degree of success on the merits," which requires more than "trivial success on the merits" or a "purely procedural victory." *Id.* The court may award fees without lengthy inquiry into whether a party's success was substantial or on a central issue if the court can fairly call it "some success on the merits." *Id.*

If a district court concludes that the fees claimant has achieved "some degree of success on the merits," the court must consider the *Hummell* factors before exercising

discretion to award fees. *Simonia v. Glendale Nissan/Infinity Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). The *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "However, no single *Hummell* factor is necessarily decisive." *Simonia*, 608 F.3d at 1122.

## III. ANALYSIS

Plaintiff concedes that Defendants' success on summary judgment meets the threshold issue of whether they achieved some degree of success on the merits. Therefore, the Court considers the five *Hummell* factors.

### A. The Degree of the Opposing Party's Culpability or Bad Faith

To avoid a finding of bad faith under the *Hummell* factors, a plaintiff must have a reasonable belief that she could prove an actionable ERISA claim. *Cline v. Indus. Maintenance Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000). Plaintiff's belief that she could prove an actionable ERISA claim was not reasonable because it was based on a false assumption, *i.e.*, that an expedited retirement procedure existed. The information Plaintiff needed to correct her misunderstanding was provided to her before she filed this lawsuit. Further, the fact that Plaintiff resolved miscalculations of benefits through the administrative process does not demonstrate a reasonable belief that she could prove an actionable ERISA claim in court.

Thus, the *Hummell* factor of culpability or bad faith weighs in favor of awarding fees and non-taxable costs.

### B. The Ability of the Opposing Party to Satisfy an Award of Fees

Plaintiff has submitted a declaration that she is 67 years old, unemployed, and has a total monthly income of $4,178.02. She has credit card debt, a car payment, medical

expenses, and routine living expenses. She does not own a house, but does own undeveloped land in the Oregon Wilderness last assessed at $20,000. She still owes $3,689.86 in fees and costs related to this litigation.

This factor weighs against awarding Defendants the total amount of their requested fees and non-taxable costs.

### C. Whether an Award of Fees Against the Opposing Party Would Deter Others from Acting Under Similar Circumstances

Defendants contend fees should be awarded to deter groundless litigation. Plaintiff contends a fee award would have a chilling effect on others enforcing their rights under ERISA. However, Plaintiff did not attempt to enforce her rights under ERISA here. In fact, in her response to Defendants' summary judgment motion, she stated: "Terri does not claim that she is entitled to benefits pursuant to the 100% survivor election under the terms of the Plan. As Defendants repeatedly argue, Terri admits that the terms of the plan limit her to the 50% survivor benefit." (Doc. 57 at 8.) Instead, Plaintiff sought the 100% survivor benefit as equitable relief because Defendants did not disclose to her and her husband a procedure that did not exist.

This factor weighs in favor of awarding fees and non-taxable costs in an amount sufficient to deter groundless litigation without unduly chilling meritorious claims.

### D. Whether the Parties Requesting Fees Sought to Benefit All Participants and Beneficiaries of an ERISA Plan or to Resolve a Significant Legal Question Regarding ERISA

Defendants contend that Plaintiff was demanding additional benefits she valued at more than $358,660, and any concession to her claims could have had negative consequences to the Plan and other Plan beneficiaries if other claimants were to make similar claims. Plaintiff's counsel states that in the initial disclosure statement she valued the additional benefit to be $243,217.20. Plaintiff contends that Defendants spent more than double that amount to litigate her claims.

No significant legal question regarding ERISA was raised or decided by this litigation. The Court need not decide whether Defendants' money was well spent in

defending against Plaintiff's groundless claims because the fee award will be greatly reduced from the amount requested. This factor weighs neither in favor of nor against awarding fees and non-taxable costs.

### E. The Relative Merits of the Parties' Positions

Defendants prevailed in this litigation on the merits of Plaintiff's ERISA claim in this action. In fact, Plaintiff's claim had no merit. This *Hummell* factor weighs in favor of awarding fees and non-taxable costs to Defendants.

### F. Reasonableness of Hourly Rates and Hours Expended

Plaintiff contends that the amount of fees and non-taxable costs sought by Defendants is based on excessive hourly rates, redundant and duplicative billing, excessive time, and work that is not compensable. These criticisms are moot in light of the Court's denial of more than 95% of the fee award requested.

Under *Hummell*, the factors of bad faith, deterrence value, and relative merits of the parties' positions weigh in favor of granting a fee award to Defendants. The factor of Plaintiff's ability to pay weighs against granting a fee award in the amount requested. A substantial fee award, but less than ten percent of the amount requested, is warranted.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorneys' Fees and Non-Taxable Costs (Doc.65) is granted in the amount of $25,000.00.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants and against Plaintiff in the amount of $25,000.00, plus interest at the federal rate of 1.11% from the date of judgment until paid.

Dated this 8th day of May, 2017.

*/s/ Neil V. Wake*
Neil V. Wake
Senior United States District Judge